--

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BANKERS INSURANCE COMPANY**                                **PLAINTIFF**

v.                                            **CAUSE NO. 1:15CV420-LG-RHW**

**ACE CONSTRUCTION CO., INC.,**
**KEVIN F. DAVIS, and DAPHNE D. DAVIS**                **DEFENDANTS**

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

BEFORE THE COURT is the [18] Amended Motion for Default Judgment filed by the plaintiff, Bankers Insurance Company against the defendants, Ace Construction Company, Inc., Kevin F. Davis and Daphne D. Davis. Bankers Insurance asserts that it is entitled to damages due to the breach of a General Indemnity Agreement executed by each of the defendants. (Am. Mot. Ex. 2, ECF No. 18-2). The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. (Compl. 2, ECF No. 1). Summons were issued on December 21, 2015, and each defendant was served either December 29 or 30, 2015. No defendant has answered or otherwise responded to the Complaint. The Clerk's Entry of Default occurred on January 28, 2016.

Magistrate Judge Walker conducted telephonic conferences with the plaintiff's attorneys on July 1, 2016 and September 21, 2016. The conferences concerned the plaintiff's negotiation efforts with the defendants. Plaintiff informed

the Magistrate Judge at the September conference that negotiations were complete; its damages were liquidated and it would shortly file a motion for default judgment. (*See* Minute Entry Order Sept. 21, 2016). After obtaining a number of extensions of time from the Magistrate Judge, Plaintiff filed this Motion to obtain a judgment for the liquidated amount.

A court's award of damages must be determined after a hearing, unless the amount claimed can be demonstrated by detailed affidavits establishing the necessary facts. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). In this case, detailed affidavits clearly establish that Bankers Insurance is entitled to recover $100,007.30 in bond claims, plus other handling fees, costs and expenses of $10,994.80. (Daniel Berge Aff., ECF No. 18-2; Jefferson B. Slagle Aff., ECF No. 18-5). The request for $77,777.50 in attorney's fees requires closer attention than the other categories.

By the terms of the General Indemnity Agreement, Bankers Insurance is entitled to an award of its attorney's fees and expenses. (Am. Mot. Ex. 2 at 2 (¶3.13), ECF No. 18-2). In the Fifth Circuit, a two-step process is employed to determine the amount of attorney's fees to be awarded. *Jimenez v. Wood Cty..*, 621 F.3d 372, 379 (5th Cir. 2010) (citing *Rutherford v. Harris Cty.*, 197 F.3d 173, 192 (5th Cir. 1999)). The first step is the lodestar calculation, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id*. The fee applicant bears the burden of proof

on this issue. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). In the second step, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 91-92 (1989).[1] "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex rel. Dougals W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

Bankers Insurance has provided detailed billing records substantiating its request for $77,777.50 in contractual attorney's fees. (*See* Ex. 1 to Jefferson B. Slagle Aff., ECF No. 18-5). Four attorneys spent a total of 341 hours representing Bankers Insurance in this construction dispute and recovery effort. Forty-two and one tenth hours were charged at the partner rate of $250 per hour – a total of $10,525. Two hundred ninety eight and nine tenths hours were charged at the associate rate of $225 per hour – a total of $67,252.50. The Court finds the time

---

[1] The factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the requisite skill to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

expended to be reasonable, and the hourly charges to be standard, reasonable rates for attorneys doing similar work in the Southern District of Mississippi. The Court further finds that none of the *Johnson* factors requires an adjustment to the lodestar value of $77,777.50.

After reviewing the evidence and the record, the Court finds that the plaintiff's Motion for Default Judgment is well-taken and should be granted. Bankers Insurance Company is entitled to a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against Defendants Ace Construction Company, Inc., Kevin F. Davis and Daphne D. Davis, in the amount of $188,779.60, plus costs and post-judgment interest.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [18] Amended Motion for Default Judgment filed by the plaintiff, Bankers Insurance Company is **GRANTED**. Bankers Insurance Company shall recover from defendants Ace Construction Company, Inc., Kevin F. Davis and Daphne D. Davis, jointly and severally, the amount of $188,779.60; costs; and post-judgment interest at the currently prescribed federal rate from the date of judgment until paid in full.

**SO ORDERED AND ADJUDGED** this the 16th day of December, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE